UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v. 4:09-cr-278

JAMES GARY BLAGMON,

Defendant.

## ORDER

James Gary Blagmon appeals this Court's Order denying his motion to reconsider this Court's denial of his previous motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). *See* Doc. 24, 25.[1] Blagmon moves to pursue his appeal in forma pauperis ("IFP"). *See* Doc. 24.

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

Blagmon's claims are indisputably without merit, and therefore, his appeal is not taken in good faith. In his motion to reconsider, Blagmon argued that his sentence should be reduced based on amendments 715 and 716 (applying amendment 715 retroactively) of the federal sentencing guidelines. He asserted that allegedly newly discovered evidence shows he did not possess only cocaine base—Blagmon pleaded guilty to and was convicted of possession with intent to distribute cocaine base only, *see* Doc. 15—but, in fact, possessed multiple drugs (cocaine base, cocaine hydrochloride, and marihuana). *See* Doc. 22 at 2-4; *see also* Doc. 22-1. Blagmon contended that since this newly discovered evidence shows the involvement of multiple drugs, he is eligible for the sentence reduction allowed by amendment 715. *See id.* On appeal, Blagmon argues that this Court erred in construing his November 1, 2011 correspondence as a § 3582(c)(2) motion, which in turn caused the Court improperly to construe his subsequent § 3582(c)(2) motion as a motion to reconsider and deny it as untimely. *See* Doc. 24 at 1-4. Blagmon contends that if this Court had not so erred, then his newly discovered evidence argument would have been successful. *See id.*

Blagmon's claim is without merit. The claim uses allegedly newly discovered evidence to strike at the validity of his original plea of guilty to the offense of possession with intent to distribute cocaine base only and his conviction for that offense; it does not claim that the sentence imposed by the Court for that offense was

---

[1] Since Blagmon has proceeded *pro se*, the Court liberally construed a November 1, 2011 correspondence from Blagmon as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), *see* Docs. 18, 19, and also construed Blagmon's subsequent § 3582(c)(2) motion as a motion to reconsider the denial of his previous § 3582(c)(2) motion. *See* Docs. 22, 23. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

improper and should be reduced. Blagmon instead seeks to have the Court sentence him for the different offenses of possession of cocaine base, cocaine hydrochloride, and marihuana. If Blagmon wishes to challenge his original conviction and have his plea set aside, a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is not the proper vehicle for seeking such relief. *See United States v. Mayer*, 235 U.S. 55, 69 (1914) 235 U.S. 69 (stating that the proper type of remedy must be pursued "[i]n cases of . . . newly discovered evidence"), *cited with approval in Moody v. United States*, 874 F.2d 1575, 1577 (11th Cir. 1989); *United States v. Celis-Chavez*, 359 Fed. Appx. 544, 545 (5th Cir. 2010) (dismissing appeal from denial of motion for reduction of sentence for lacking jurisdictional basis and being a "meaningless, unauthorized motion," and noting the proper remedy for challenging conviction in the case of newly discovered evidence); *Randolph v. United States*, No. 8:08-cv-2210-T-30TBM, 2008 WL 5142426, at *1 (M.D. Fla. Dec. 5, 2008) (holding that remedy for newly discovered evidence is "not a reduced sentence").

Based on Blagmon's valid guilty plea and conviction for possession with intent to distribute cocaine base, the Court properly sentenced him under the guidelines applicable to that offense. *See* Doc. 15. Moreover, this Court's Order denying Blagmon's November 1, 2011 motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) correctly noted that:

> At the time of the imposition of the original sentence, the Court varied downward from the advisory guideline range . . . . The sentence imposed at that time, 87 months confinement, is within the amended guideline range and the Court has determined that a further reduction in sentence is not proper.

Doc. 19.

The Court also reiterates its July 30, 2012 Order denying Blagmon's motion to reconsider as untimely and noting that amendments 715 and 716 "were effective two years before he was sentenced." Doc. 23.

Blagmon's claims are frivolous and this Court certifies that his appeal is not taken in good faith. His motion to appeal IFP is *DENIED*. *See* Doc. 24. The Court assesses the full filing fee of $455.

Accordingly, Blagmon's renewed request for appointment of counsel is also *DENIED*.

Blagmon also filed a motion for copies/production of indictment, plea agreement, docket sheet, sentencing transcripts. *See* Doc. 21. "Fees for transcripts . . . to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge . . . certifies that the appeal is not frivolous . . . ." 28 U.S.C. § 753(f). Although this Court *may* require the United States to pay the cost of furnishing a record on appeal to an indigent defendant in proper cases, "it will not do so in cases which are without merit and doomed from their inception." *Young v. United States*, 246 F.2d 901, 902 (8th Cir. 1957); *see also* 28 U.S.C. § 1915; *U.S. v. Gholston*, 133 F. Supp. 2d 1304, 1311 (M.D. Fla. 2000). Given the Court's denial of Blagmon's motion to appeal IFP as

frivolous, Blagmon's motion for copies/production of indictment, plea agreement, docket sheet, sentencing transcripts is also *DENIED*.

This 10th day of September 2012.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA